UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DELFRATE,

    Plaintiff,

v.                                                          CASE NO.: 8:10-cv-1091-T-23AEP

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**

    This action is the second of the plaintiff's actions against the defendant, from whom the plaintiff procured a homeowner's insurance policy. In the previous action (Case No. 8:09-cv-2358-T-24EAK), the plaintiff sued in state court and the defendant removed. A December 15, 2009, order (Doc. 9) dismisses the action both because the plaintiff failed to respond to the defendant's motion to dismiss and because the plaintiff failed to sue the proper party. On May 10, 2010, the plaintiff again sued (Doc. 1) in this court for breach of contract and intentional infliction of emotional distress. The complaint asserts jurisdiction based on the previous action, in which the plaintiff sued in state court, the defendant removed, and "this [c]ourt . . . approved removal." A July 16, 2010, order (Doc. 11) dismisses the plaintiff's claim for intentional infliction of emotional distress (count two), and a September 2, 2010, order (Doc. 14) directs the plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

In response to the order, the plaintiff again relies on the plaintiff's first action and the "acceptance" of removal. The plaintiff states that "[s]ince this [c]ourt already assumed diversity jurisdiction on the first case [Case No. 8:09-cv-2358-T-24EAK] as requested by the [d]efendant, the [p]laintiff assumed, possibly incorrectly, that [jurisdiction] would not be an issue here." The plaintiff presents no additional fact supporting jurisdiction under 28 U.S.C. § 1332.[1]

The plaintiff relies on a fundamentally mistaken assumption. Neither the court's initial dismissal before inquiring into jurisdiction nor the defendant's removing an earlier action (initially accomplished as a matter of right) creates subject matter jurisdiction in a later action. In any event, neither establishing nor failing to establish jurisdiction in an earlier action establishes or fails to establish jurisdiction in a later action. Accordingly, because the plaintiff fails to show a sufficient basis for jurisdiction, the action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on September 14, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] In count one (the only remaining count), the plaintiff demands "damages for all claims for damages covered under the policy or for the difference between the fair market value of his home at the time of sale and the amount he actually received." Neither the complaint (Doc. 1) nor the plaintiff's response (Doc. 15) to the order to show cause show that the plaintiff's damages exceed $75,000.